ON MOTION TO DISMISS
BOYER, Judge.
Appellees have filed a motion to dismiss an appeal which was filed on Monday, April 1, 1974. The final judgment appealed was entered January 7, 1974 and a timely motion for new trial was denied by order dated February 27, 1974 and filed on that date. Appellees contend that the order denying the motion for new trial was not required to be recorded by Florida Statute § 28.29, F.S.A., and that therefore the said order was “rendered” as contemplated by the Florida Appellate Rules, and the Rules of Civil Procedure, on the date that it was filed in the office of the Clerk of the Circuit Court on February 27, 1974. Appellees attach to their motion to dismiss a certified copy of the order denying the motion for new trial in which order was incorporated a final judgment for costs. Said order bears a file stamp by the Clerk of the Circuit Court containing the words “Filed for Record, Escambia County, Florida” followed by an illegible date. Elsewhere on the order is a legible file stamp of the Comptroller of Escambia County containing the following: “Filed & Recorded in the Public Records of Escam-bia County, Florida on Mar. 1, 8:32 AM ’74 in Book & Page Noted Above * . * * The Clerk’s certificate however attached to said motion recites that it was “filed for record in my office on February 27, 1974 * * *.”
Florida Statute § 28.29, F.S.A., provides that orders of dismissal and final judgments in civil actions shall be recorded and that “other orders shall be recorded only on written direction of the court.” It is apparent that the order denying the motion for new trial was in fact recorded. Nothing before us reveals the reason for such recording, except that, as above observed, the order is also a final judgment for costs. Further, there is nothing before us to indicate whether or not there exists in Escambia County a general written order of the court requiring recording of all such orders, or for that matter, this specific order.
Rule 1.3 FAR, 32 F.S.A., defines “rendition” to mean that the order is “reduced to writing, signed and made a matter of record, or if recording is not required then filed,” If the order was properly to be recorded then clearly the notice of appeal was timely filed. If the order denying new trial was not properly to be recorded, and if it was filed on February 27,' 1974, then the thirtieth day fell on Friday, March 29 and therefore the filing on the following’ Monday, April 1 was untimely.
Florida Statute § 28.29, F.S.A., requires that final judgments in civil actions be recorded. The subject order was one single integral instrument constituting both a final judgment for costs and an order denying the appellant’s motion for new trial. Accordingly the instrument was properly to be recorded. It was therefore “rendered” on March 1, 1974.
Even had the instrument not been required by law to be recorded, where as here it was in fact filed in the office of the Clerk of the Circuit Court and the office of the Comptroller of Escambia County pursuant to Chapter 72-460, Laws of Florida, filing would not be deemed to have been accomplished until filed by the last of such offices, in this instance the comptroller.
*672 We hold therefore that in the case sub judice “rendition” was not completed until March 1, 1974 and that therefore the notice of appeal was timely filed.
The Motion to Dismiss the appeal is denied.
SPECTOR, Acting C. J., and JOHNSON, J., concur.